June Monroe, Bar No. 284763
**FENNEMORE LLP**
2603 Main Street, Suite 1250
Irvine, CA 92614
Tel: (949) 752-2911 / Fax: (949) 752-0953
jmonroe@fennemorelaw.com

Attorneys for Plaintiff
Wawona Packing Co., LLC
dba Prima Wawona

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAWONA PACKING CO., LLC, a California limited liability company, dba PRIMA WAWONA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD FAHOUM, an individual, aka RASHID FAHOUM, aka RASHEED FAHOUM, dba ALL AMERICAN DISTRIBUTING CO.; LUXURY ADDICTED, LLC, a California limited liability company; NADIA FAHOUM, an individual, aka NADIA HUZAMA FAHOUM,<br><br>Defendants. | Case No. 1:23-CV-00264-BAM<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>1. **ENFORCEMENT OF REPARATION AWARD ISSUED BY THE U.S. SECRETARY OF AGRICULTURE;**<br>2. **BREACH OF CONTRACT;**<br>3. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>4. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>5. **CONSTRUCTIVE TRUST AND ACCOUNTING DUE TO BREACH OF FIDUCIARY DUTY;**<br>6. **BREACH OF FIDUCIARY DUTY BY STATUTORY PACA TRUSTEE;**<br>7. **UNJUST ENRICHMENT;**<br>8. **DECLARATORY RELIEF; AND**<br>9. **CONVERSION**<br><br>**JURY DEMAND** |

Plaintiff, WAWONA PACKING CO., LLC, dba PRIMA WAWONA, (hereinafter "Plaintiff"), complains and alleges as follows:

# I.

# JURISDICTION AND VENUE

2. This Court has federal question jurisdiction of this case pursuant to §§ 2, 5 and 7 of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499b, e and g] ("PACA") and pursuant to 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) because all Defendants have transacted business in this District and the causes of action arise out of transactions that took place within this District.

4. Plaintiff is, and at all times material herein was a limited liability company doing business under the laws of the State of California with its principal place of business located in the City of Fresno, State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant RICHARD FAHOUM, aka RASHID FAHOUM, aka RASHEED FAHOUM ("R. Fahoum"), is and during all times herein mentioned was an individual doing business as ALL AMERICAN DISTRIBUTING CO. ("AADC") having its principal place of business located in the City of Visalia, State of California and who resides within the jurisdictional boundaries of this Court.

6. Plaintiff is informed and believes and thereon alleges that Defendant LUXURY ADDICTED, LLC ("Luxury"), is a California limited liability company, and during all times herein mentioned had a principal place of business in the City of Visalia, State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant NADIA FAHOUM, an individual, aka NADIA HUZAMA FAHOUM ("N. Fahoum"), is and during all times herein mentioned was an individual having a principal place of business located in the City of Visalia, State of California and who resides within the jurisdictional boundaries of this Court.

8. Plaintiff is informed and believes and thereon alleges that during all times relevant herein R. Fahoum and N. Fahoum (sometimes referred to as "The Individual Defendants") were owners, partners, or principals of AADC and are insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and/or who are and during all times herein were responsible for the daily management and control of AADC.

9. Plaintiff is informed and believes and thereon alleges that there exists and at all times herein mentioned there existed, a unity of interest, ownership, or control between R. Fahoum dba AADC, Luxury, and N. Fahoum such that any individuality and separateness between and among any and all of them have ceased, and that AADC is also an alter-ego of N. Fahoum and/or Luxury and that AADC should be treated as a general partnership of N. Fahoum, Luxury and/or R. Fahoum and not just a sole proprietorship of R. Fahoum because:

    a) N. Fahoum managed and controlled the operations of AADC with R. Fahoum.

    b) N. Fahoum controlled or was in a position to control the PACA trust assets of AADC with R. Fahoum.

    c) N. Fahoum made financial decisions for AADC.

    d) N. Fahoum made operations decisions for AADC.

    e) N. Fahoum had decision making authority for AADC.

    f) N. Fahoum is the sole member of Luxury.

    g) Luxury shares the same business address as AADC and R. Fahoum, that being 3726 South Kent Street, Visalia, CA 93277.

10. Plaintiff is further informed and believes and thereon further alleges that The Individual Defendants during all times herein mentioned were in positions to control the PACA trust assets which are the subject of this lawsuit and are during all times herein were statutory trustees of the PACA trust assets that are the subject of this complaint.

11. Plaintiff is further informed and believes and thereon further alleges that during all times herein the Defendants, and each of them, were subject to license as a dealer or retailer under the PACA, with actual and/or constructive knowledge of the PACA and the PACA trust.

## II.

## GENERAL ALLEGATIONS

12. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 11 inclusive, of this Complaint as though fully set forth herein.

13. At all times relevant herein, AADC was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale

and jobbing quantities and was therefore subject to the provisions of the PACA promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, operating under PACA license no. 20190724.

14.   Between on or about May 27, 2020 and August 11, 2020, in the course of interstate commerce, Plaintiff, by oral contract confirmed in writing, sold to AADC truckloads of perishable agricultural commodities (peaches, nectarines and plums) at the agreed cumulative price of $176,634.54 on a price-after-sale basis.

15.   Despites repeated demands for payment, AADC failed to make payment for the purchased fruit.

## III.

## FIRST CAUSE OF ACTION

**(Enforcement of Reparation Award Issued By The U.S. Secretary of Agriculture Against Defendants R. Fahoum dba AADC)**

16.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth herein.

17.   On or about June 29, 2021, Plaintiff filed an administrative reparation complaint with the U.S. Department of Agriculture ("USDA") before the U.S. Secretary of Agriculture, seeking an award confirming the balance due to Plaintiff from Defendant and seeking to collect that balance.  The transactions that are the subject of Plaintiff's administrative complaint are the same sales transactions that are the subject of this Complaint.  The reparation complaint was assigned PACA Docket No. R-2021-0297.  A true and correct copy of Plaintiff's administrative reparation complaint is attached hereto and incorporated herein by reference as **Exhibit 1.**

18.   On December 1, 2022, after due consideration of all pleadings, documents and other evidence submitted by Plaintiff and AADC in connection with Plaintiff's USDA reparation complaint, the Secretary of Agriculture issued a Reparation Order in favor of Plaintiff and against Defendant AADC in the amount of $168,629.04, together with interest thereon at the rate of 10% per annum from November 1, 2020 to December 1, 2022, plus post judgment interest at 4.76% per

1  annum until paid, plus the amount of $500.00 (filing fee).  A true and correct copy of said

2  Reparation Order is attached hereto and incorporated herein by reference as **Exhibit 2.**

3        19.   Full payment under the award was to have been made to Plaintiff on or before

4  December 31, 2022.

5        20.   In the event R. Fahoum or AADC wished to appeal the USDA reparation Order, the

6  deadline to file such appeal expired on December 31, 2022.  No appeal was filed.

7        21.   Defendants have failed to pay any portion of the Reparation Order within the time

8  specified by the USDA and the full sums due as set forth in said Orders remain due.

9        22.   The total balance due to Plaintiff from AADC under the Reparation Award as of

10  February 17, 2023 is $207,844.42, which is $168,629.04 in principal, $35,111.80 in prejudgment

11  interest, $500.00 in costs, and $3,603.58 in post judgment interest.

12        23.   As a direct and proximate result of AADC's failure to pay the amounts awarded by

13  the USDA as described above, Plaintiff has suffered losses in the principal amount of at least

14  $207,844.42, plus recoverable post-award interest and attorney's fees incurred in bringing this

15  action.

16        24.   If any commission merchant, dealer, or broker does not pay the reparation award

17  within the time specified in the Secretary's Order, the Plaintiff, or any person for whose benefit

18  such order was made, may within three years of the date of the order file in the district court of the

19  United States for the district in which he resides or in which is located the principal place of

20  business of the commission merchant, dealer, or broker, a complaint setting forth the causes for

21  which he claims damages and the order of the Secretary.  7 U.S.C. §499g(b).

22        25.   The findings and orders of the Secretary shall be prima-facie evidence of the facts

23  therein stated, and the Plaintiff shall not be liable for costs in the district court and, in the event

24  Plaintiff prevails, Plaintiff shall be entitled to recover a reasonable attorney's fee to be taxed and

25  collected as a part of the costs of the suit.  7 U.S.C. §499g(b).

26  ///

27  ///

28  ///

## IV.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27. Plaintiff has performed all conditions, covenants and obligations required to be performed by Plaintiff under the agreements for sales of produce described in the allegations above.

28. As a direct and proximate result of AADC's failure to pay the amounts due to Plaintiff as set forth above, Plaintiff has suffered losses in the principal amount of at least $207,844.42, plus recoverable post-award interest and attorney's fees incurred in bringing this action.

## V.

## THIRD CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

29. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive of this Complaint as though fully set forth herein.

30. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

31. All perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

32. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to AADC, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of AADC's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

33. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required, including issuing invoices with the requisite PACA statutory trust language, for the

perishable agricultural commodities sold to Defendant AADC and which AADC failed to pay, all of which remains past due and unpaid.

34. Plaintiff is informed and believes for the reasons alleged herein above, that Defendants, and each of them, are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

35. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

36. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $207,844.42, plus recoverable attorney's fees and finance charges or interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

///

///

///

## VI.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against Defendants AADC and the Individual Defendants)

37. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 36, inclusive, of this Complaint as though fully set forth herein.

38. At all times herein relevant, AADC was engaged in the handling of perishable commerce as a commission merchant, dealer and/or broker, and was subject to the statutory requirements of PACA, as well as the regulations promulgated by the Secretary of Agriculture of the United States as contemplated under PACA.

39. Under 7 U.S.C. §499b(4), it is unlawful for any commission merchant, dealer or broker in connection with any interstate transaction(s) involving perishable agricultural commodities to:

a) Make, for a fraudulent purpose, any false or misleading statement;

b) Fail or refuse to truly and correctly to account and to make full payment promptly;

c) Fail, without reasonable cause, to perform any specification or duty, expressed or implied, arising out of any undertaking in connection with any such transaction; or

d) Fail to maintain the trust as required under 7 U.S.C. §499e(c).

40. Under the PACA regulations at 7 C.F.R. §46.29(a), all licensees accepting produce for sale on behalf of another are required "to exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."  In addition, a licensed commission merchant "may be liable for any financial loss and for other penalties provided by the Act, due to his negligence or failure to perform any specifications or duty, express or implied, arising out of any transaction subject to the Act."

41. Moreover, 7 C.F.R. §46.32(b) specifies that marketing agents furnishing containers or other supplies and selling produce on behalf of growers shall prepare and maintain "complete records on all transactions in sufficient detail as to be readily understood and audited.  Agents must be in a position to render to the growers accurate and detailed accountings covering all aspects of

their handling of the produce," and agents must maintain "complete records on all details of such distribution to provide supporting evidence for the accounting."  Finally, "[t]he failure of the agent to render prompt, accurate and detailed accountings in accordance with [7 C.F.R.] §46.2(z) and (aa) is a violation of the Act."

42. A private cause of action to enforce 7 U.S.C. §499b is established under 7 U.S.C. §499e(a) and (b), which provide that licensees who violate section 499b of the Act shall be liable to the person or persons injured thereby for the full amount of damages "sustained in consequence of such violation," and that victims of such violations may bring a reparation action before the Secretary of Agriculture or "suit in any court of competent jurisdiction…."

43. Defendant AADC violated 7 U.S.C. §499(b) by, *inter alia*, failing to exercise reasonable care and diligence in marketing Plaintiff's crop promptly and in a fair and reasonable manner; failing to timely report to Plaintiff; failing to negotiate reasonable prices for Plaintiff's produce; failing to provide Plaintiff with timely information concerning claims, and in many instances failing to provide Plaintiff with any notice whatsoever (timely or untimely) concerning claims; failing to truly and fully account for the produce and proceeds of sale realized for the produce entrusted to AADC by Plaintiff for marketing; failing to correctly charge Plaintiff the proper sales charges; charging excessive sales commissions; overcharging and failing to properly credit Plaintiff for boxes and other materials; and by failing to make full payment promptly for the produce it was charged with the right to market on behalf of Plaintiff.

44. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

45. As a direct and proximate result of AADC's violations as described above, Plaintiff has been damaged in the amount of at least $207,844.42.  Plaintiff has suffered further consequential, incidental, and lost profit damages, the precise amount which will be established at time of trial, as a direct result of the §499b violations.

///

///

///

# VII.

# FIFTH CAUSE OF ACTION

### (For Constructive Trust and Accounting Due to Breach of Fiduciary Duty Against Defendant AADC and The Individual Defendants)

46. Plaintiff hereby repeats, realleges and incorporates by reference paragraphs 1 through 45, inclusive of this Complaint as though fully set forth herein.

47. At all times material herein, a confidential relationship existed between Plaintiff and Defendants in that Plaintiff sold and/or shipped produce to AADC and entrusted that produce to Defendants upon the assurances by Defendants that Defendants would properly handle, account, and pay for said produce. However, despite receiving and reselling the produce, Defendants overcharged and failed to properly credit Plaintiff, and has not paid in full for the produce received by Defendants.

48. At all times material herein, Plaintiff believed implicitly in the integrity and truthfulness of Defendants, and reposed absolute trust and confidence to Defendants.

49. At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as dealers and/or commission merchants subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

50. During the 2020 Season, in a series of transactions, Plaintiff entrusted perishable agricultural commodities to Defendants, at said Defendants' specific request and contractual agreement, for which said Defendants agreed to properly market and sell and pay Plaintiff.

51. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of the grower agreement, both express and implied, and have breached their duty to account and properly pay for the produce sold, and have commingled and diverted assets to third

parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

52. Plaintiff has performed all conditions, covenants and obligations required to be performed under the grower agreement as set forth herein.

53. The PACA and its regulations state that any licensee with a "*fiduciary duty to collect funds resulting from the sale or consignment of produce, and remit such funds to its principal, also has the duty to preserve its principal's rights to trust benefits....*" 7 C.F.R. §46.46(c)(2). "*Commission merchants are required to maintain trust assets in a manner that are freely available to satisfy outstanding obligations... and any action or omission inconsistent with the responsibility including dissipation of trust assets is unlawful and in violation of ...[499(b)].*"

54. The Individual Defendants were responsible for managing the day-to-day operations of Defendant AADC, and/or benefited from the management of such operations, and is therefore personally liable along with Defendant AADC for breach of Defendants' fiduciary duty and obligation to promptly remit trust proceeds to Plaintiff and/or by permitting AADC to dissipate the trust assets it was required to maintain until Plaintiff received full payment.

55. As a result of Defendants' breach of the constructive trust and fiduciary duty, each Defendant is jointly and severally liable to Plaintiff.

56. By virtue of Defendants' violation of the relationship of trust and confidence then existing between Plaintiff and Defendants, Defendants hold the amount of at least $207,844.42, plus further consequential, incidental, and lost profit damages in, the precise amount which will be established at time of trial, plus attorney's fees and interest subject to proof, as constructive trustees for Plaintiff's benefit, and Plaintiff has been damaged in the same amounts.

## VIII.

## SIXTH CAUSE OF ACTION

**(Breach of Fiduciary Duty – As Against the Individual Defendants)**

57. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 56, inclusive, of this Complaint as though fully set forth herein.

58. Plaintiff is informed, believes and thereon alleges that the Individual Defendants

are, and during all times relevant to this action were, owners, partners, or principals of Defendant AADC.

59. As controlling owners, partners, or principals of Defendant AADC, the Individual Defendants have a duty to ensure that they and Defendant AADC fulfilled their duties as PACA trustees and to maintain PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

60. Plaintiff is informed, believes and thereon alleges that the Individual Defendants have full knowledge and responsibility for the handling of Defendant AADC's duties as trustees of the PACA trust.

61. Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had duties to control Defendant AADC's operations and financial dealings, including those involving the PACA Trust Assets.

62. Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

63. At all times relevant herein, Defendants directed the disposition of assets subject to the constructive trust fund by transferring these assets to themselves and/or to third parties.

64. AADC and its owners, partners, principals, employees, representatives and agents, owed Plaintiff a fiduciary duty of undivided service, loyalty, integrity and fidelity, which is well-settled by the common law of agency, and the statutory scheme of the PACA. At all times herein mentioned, there was a fiduciary relationship between Defendants and Plaintiff by virtue of:

a) AADC's agreement to act as a marketer in the handling and marketing of Plaintiff's crops and accounting for proceeds received on Plaintiff's behalf;

b) The advice and assistance which AADC, by and through its representatives, voluntarily undertook to provide Plaintiff in the context of market conditions, among other things, and upon which Plaintiff reasonably relied;

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

c)   AADC's intention, solicitation, and claimed knowledge and expertise that Plaintiff had placed its trust and confidence in pursuant to their fiduciary relationship;

d)   AADC's agreement to market and distribute Plaintiff's produce faithfully, and in a manner which would maximize returns for its principal; and,

e)   AADC's duty to sell, invoice, collect proceeds, and to truly and accurately account therefore, and promptly remit to Plaintiff, per its agreement.

65.   As a consequence of the relationship set forth above, Defendants owed Plaintiff the duties of dealing with it in the utmost good faith as a trustee would towards its beneficiaries, or an agent towards its principal.

66.   Defendants breached their fiduciary duty to Plaintiff by the following acts, which include, but are not limited to:

a)   Defendants failed to market and ship the produce in a prompt and competent manner and in a manner consistent with the standards of the produce industry and all laws applicable thereto;

b)   Defendants failed to furnish Plaintiff with sales and claim information and failed to properly and accurately account for all proceeds of sale received on behalf of Plaintiff;

c)   Defendants failed to keep Plaintiff apprised of all adjustments in a timely fashion;

d)   Defendants failed and refused to provide detailed accountings of the sales of produce proceeds collected and failed to remit fair market value to Plaintiff for the crops entrusted to Defendants, as required by PACA, in spite of numerous requests; and

e)   Defendants failed to promptly pay for purchased produce.

67.   Plaintiff placed trust and confidence in and relied upon Defendants' professed expertise as produce marketers through the time that the relationship ended. Until such time, Plaintiff had reasonably relied upon Defendants to act in accordance with their fiduciary duty to Plaintiff.

68.   At all times mentioned herein, Defendants owed a fiduciary duty to Plaintiff and thus Plaintiff had no reason to disbelieve or doubt the representations made by Defendants, and reasonably relied thereon. As a result of continuous misrepresentations and inducements, as pled

herein, on the part of Defendants, Plaintiff could not, and did not, in the exercise of reasonable diligence, discover Defendants' breaches of their obligations until after Plaintiff received and reviewed the limited accountings produced by Defendants.

69. In doing the acts herein alleged, it was reasonably foreseeable to Defendants that Plaintiff would be injured thereby because of Defendants' breaches and failures to abide by their statutory and fiduciary duties to Plaintiff, and by making decisions which were in the best interest of Defendants, rather than the interests of Plaintiff.

70. Because the Individual Defendant controlled AADC, and AADC unlawfully failed to pay trust benefits to Plaintiff promptly, and because the Defendants breached their fiduciary duties as constructive trustees, and because AADC has failed and refused to pay Plaintiff the amount rightfully due it, Plaintiff believes and therefore alleges based on that information and belief that the Defendants dissipated trust assets or delivered those assets rightfully belonging to Plaintiff into the possession of third parties, to the detriment of Plaintiff as a constructive trust beneficiary.

71. The Individual Defendants, as the controlling persons and/or dealer, caused or otherwise permitted AADC to fail to preserve the constructive trust as set forth herein, for the benefit of Plaintiff, and thereby breached their fiduciary duties to Plaintiff.

72. As a proximate result of Defendants' wrongful acts as alleged herein, Plaintiff has been damaged in an amount exceeding the threshold jurisdiction of this Court, in an amount of at least $207,844.42, plus consequential, incidental, and lost profit damages, the exact amount to be proven at the time of trial.

73. As a direct and proximate cause and result of the Individual Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the amount of $207,844.42 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

74. As statutory PACA trustees, the Individual Defendants are personally liable to Plaintiff for their breach of fiduciary duty and in dissipating the PACA trust to the extent of $207,844.42 plus, recoverable finance charges or interest, attorneys' fees and costs.

///

**IX.**

**SEVENTH CAUSE OF ACTION**

**(For Unjust Enrichment Against All Defendants)**

75. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 74, inclusive, of this Complaint as though fully set forth herein.

76. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the cumulative amount of at least $207,844.42, as separately set forth above.

77. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

78. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the cumulative amount of at least $207,844.42, plus finance charges or interest at the highest rate allowed by law and attorneys' fees and costs according to proof.

**X.**

**EIGHTH CAUSE OF ACTION**

**(For Declaratory Relief – As Against All Defendants)**

79. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 78, inclusive, of this Complaint as though fully set forth herein.

80. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

81. Plaintiff seek an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff are beneficiaries. Plaintiff would show that any perfected security interest which a third party might have in Defendants'

accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

82. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable inventory and the proceeds thereof; and (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## XI.

## NINTH CAUSE OF ACTION

**(Conversion – As Against All Defendants)**

83. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 82, inclusive, of this Complaint as though fully set forth herein.

84. At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total cumulative amount of at least $207,844.42.

85. Plaintiff has demanded the immediate turnover of the above-mentioned sums but Defendants failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants diverted or to other third parties, payments of the accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and to other third parties.

86. As a direct and proximate result of the wrongful conversion or retention of funds due to Plaintiff, Plaintiff has been damaged in the amount of at least $207,844.42, plus the amounts due for the price after sale transactions, plus finance or interest charges at the highest legal rate, plus attorneys' fees and costs, all of which qualify for protection under the PACA trust.

///

///

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**FIRST CAUSE OF ACTION**

**(Enforcement of Reparation Award Issued By The U.S. Secretary of Agriculture)**

1. For damages in the principal amount of $207,844.42;
2. For interest thereon at the highest legal rate from the date the obligations became due and payable to Plaintiff;
3. For costs of suit and reasonable attorney's fees incurred thereby; and,
4. For such other relief as the court deems proper and just.

**SECOND CAUSE OF ACTION**

**(Breach of Contract Against Defendant AADC)**

1. For damages in the principal amount of $207,844.42;
2. For finance charges or interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;
3. For reasonable attorney's fees and costs of suit incurred herein; and,
4. For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $207,844.42;
2. For finance charges or interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;
3. For reasonable attorney's fees and costs of suit incurred herein; and,
4. For such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

1. For damages in the principal amount of $207,844.42;
2. For an order requiring Defendants to immediately account for and pay all PACA

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

trust assets to Plaintiff in the amount of $207,844.42 as against Defendants, jointly and severally;

    3.    For finance charges or interest at the highest legal rate from the date the obligation became due and payable to Plaintiff; and,

    4.    For attorney's fees as deemed reasonable by this Court.

## FIFTH CAUSE OF ACTION

### (For Constructive Trust and Accounting Due to Breach of Fiduciary Duty Against All Defendants)

    1.    For an order declaring that Defendants hold monies and/or perishable agricultural commodities in the amount of at least $207,844.42;

    2.    For an accounting of all sales returns and proceeds from AADC's resale of the produce at issue;

    3.    For consequential, incidental, and lost profit damages the precise amount which will be established at time of trial;

    4.    For interest thereon at the highest rate allowed by law;

    5..    For reasonable attorney's fees and costs of suit incurred herein; and,

    6.    For such other and further relief as this Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (Breach of Fiduciary Duty – As Against the Individual Defendants)

    1.    For damages in the principal amount of $207,844.42;

    2.    For finance charges or interest thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

    3.    For attorneys' fees and costs;

    4.    For such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

    1.    For damages in the principal amount of $207,844.42;

    2.    For finance charges or interest at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff, plus attorneys' fees and costs;

3. For such other and further relief as this Court deems just and proper.

**EIGHTH CAUSE OF ACTION**

**(For Declaratory Relief – As Against All Defendants)**

1. For damages in the principal amount of $207,844.42;

2. For finance charges or interest thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

3. For attorneys' fees and costs;

4. For such other and further relief as this Court deems just and proper.

**NINTH CAUSE OF ACTION**

**(Conversion – As Against All Defendants)**

1. For damages in the principal amount of $207,844.42;

2. For finance charges or interest thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

3. For attorneys' fees and costs;

4. For such other and further relief as this Court deems just and proper.

**TENTH CAUSE OF ACTION**

**(Constructive Trust Against Defendant LPL)**

1. Order and Judgment imposing a constructive trust on the interests of LPL in the subject real property and as to any other property which was acquired in whole or in part with PACA trust assets, ordering all such property sold, directing that all proceeds of the sale be deposited in the Court Registry for distribution to Plaintiff; and,

2. For such other and further relief as this Court deems proper.

Respectfully submitted,

FENNEMORE, LLP

DATED: March 27, 2023          By:     */s/ June Monroe*
                                        JUNE MONROE
                                        Attorneys for Plaintiff Wawona Packing Co.,
                                        LLC dba Prima Wawona

## JURY DEMAND

Plaintiff Wawona Packing Co., LLC dba Prima Wawona respectfully demands jury trial in this matter.

Respectfully submitted,

FENNEMORE, LLP

DATED: March 27, 2023          By:   /s/ June Monroe
                                     JUNE MONROE
                                     Attorneys for Plaintiff Wawona Packing Co., LLC dba Prima Wawona